## Bradley, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Rates—Passenger rates — Carriers—Discrimination.*
An order of the Public Service Commission dismissing a petition against a railroad company for discrimination in passenger rates, will be affirmed where it appears that the company charged the same rates of fare to a station 2.7 miles from its terminal as to a station 4.1 miles, and the commission finds from sufficient and competent evidence that the business between the terminal and first station was carried on at a considerable loss, and that there was a greater relative cost of transportation to the first station than to the second.

Neither the Constitution nor the legislation relating to the regulation of common carriers requires that the cost of transportation shall be proportionate to the distance over which the service is rendered.

Argued Oct. 6, 1916.  Appeal, No. 106, Oct. T., 1916, by plaintiff, from order of Public Service Commission, Complaint Docket No. 365, dismissing petition against discrimination in case of Fred N. Bradley v. The Pennsylvania Railroad Company and the Public Service Commission of the Commonwealth of Pennsylvania.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Petition against discrimination in passenger rates.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court dismissing the petition.

*Thomas H. McCaffrey,* for appellant.—Charging the same rates of fare to Fortieth street as charged to Fifty-Second street, and in excess of rates to Forty-Ninth street, and as fixed by the tariffs, is discrimination.

A rate to a certain station may not be per se unreasonable, but should the carrier give to another station equally distant, a more favorable rate, then the rates must be equalized: Portland R. R. Light & Power Co. v. R. R. Commission of Oregon, 229 U. S. 397.

*Henry Wolf Bikle,* for the Pennsylvania Railroad Co. —The Public Service Company Act of 1913 does not forbid all discrimination in rates or fares, but only such as is unjust or undue: Texas & Pacific Ry. v. Interstate Commerce Commission, 162 U. S. 197; Interstate Commerce Commission v. Alabama Midland Ry., 168 U. S. 144; Pittsburgh Plate Glass Co. v. P., C., C. & St. L. Ry.

Arguments—Opinion of the Court. [66 Pa. Superior Ct. Co., 13 I. C. C. 87, 99; Herbeck-Deemer v. B. & O. R. R. Co., 17 I. C. C. 88, 89; Loch-Linn Construction Co. v. B. & O. R. R. Co., 17 I. C. C. 396, 399; American Coal & Coke Co. v. M. C. R. R. Co., 36 I. C. C. 195, 197.

In determining whether or not discrimination exists and whether or not, if it exists, it is undue or unreasonable, it is necessary to take into view all the circumstances and conditions surrounding the particular traffic to which the rates or fares apply, and when the present case is so considered it is found to disclose no undue discrimination: Pittsburgh Plate Glass Co. v. P., C., C. & St. L. Ry., 13 I. C. C. 87, 99; In re Advances in Demurrage Charges in California, 25 I. C. C. 314, 323; J. A. Adams & Sons Co. v. V. S. & P. Ry., 29 I. C. C. 52, 60; Eagle Distillery v. L. H. & St. L. Ry. Co., 32 I. C. C. 195, 198.

*Berne H. Evans,* for Public Service Commission.

Opinion by Henderson, J., April 30, 1917:

This case arises out of a complaint made against the Pennsylvania Railroad Company that it discriminates against passengers traveling between 40th street station and the terminal at Broad street in the City of Philadelphia by charging a greater proportionate rate of fare to such passengers than those traveling from 49th street station or 52d street station. The distance from Broad street station to 40th street station is 2.7 miles. The distance to 49th street station is 3.3 miles. The distance to 52d street station is 4.1 miles. The fare for a single trip between Broad street station and 40th street station is ten cents and for a ten-trip ticket, eighty-two cents, and the same fare is charged to 52d street station. A ten-trip ticket for transportation between Broad street station and 49th street station is sold for sixty-six cents. The contention of the appellant before the Public Service Commission and on this appeal was and is that the rate between 40th street and Broad street

station should be reduced proportionately from the rate charged to 52d street.   The argument in support of the appeal rests on the assumption that the fares should be established on a mileage basis and that because 40th street station is one and three-tenths miles nearer Broad street than 52d street station the fare from the former station should be proportionately less than from the latter.   Much evidence was taken bearing on the situation of the respective stations, the cost of transportation and the circumstances affecting the interests of the public and the railroad company with respect to the business done at the stations referred to.   After an extended inquiry and discussion the commission reached the conclusion that the complainant had failed to exhibit such a state of facts as required the intervention of the commission and the complaint was therefore dismissed.   No evidence was offered in support of the petition tending to show that the rate between 40th street and Broad street was more than should be charged taking into consideration the cost of transportation.   Nor is it contended in the argument that the fare between the two points is excessive.   It is only because the same rate is charged to 40th street which is demanded for 52d street that the conclusion is reached that the fare to 40th street is greater than should be established.   On the other hand the evidence of the railroad company tended to show that the passenger business between Broad street station and 40th street was carried on at a considerable loss taking into account the actual cost to the company of the whole business done and the reason given for the establishing of a uniform fare for 40th street and 52d street was the greater relative cost of transportation to 40th street than to 52d street.   On the evidence taken the commission was fully justified in holding that the rate between 40th street and Broad street was not unreasonable nor unlawfully discriminatory.   Neither the Constitution nor the legislation relating to the regulation of common carriers requires that the cost of transportation shall be propor-

tionate to the distance over which the service is rendered. Such a rule would be manifestly unreasonable as applied to the carriage of freight and under some circumstances it might be unjust to the carrier of passengers. It is "undue or unreasonable discrimination" which is forbidden by the third section of the 17th article of the Constitution, and in paragraph B of Section 8 of the third article in the Public Service Act of 1913, public service companies are forbidden "to make or give any undue or unreasonable preference or advantage in favor of or to any person or corporation or any locality or any particular kind or description of traffic or service in any respect whatever." The third section of Article 5 declares that whenever the commission shall determine after hearing that the rates, tolls, fares or charges established by any public service company for any service rendered "are unjust or unreasonable or inadequate or are unjustly discriminatory or unduly or unreasonably preferential" in that case it shall prescribe maximum rates, etc. It will be observed, therefore, that both under the Constitution and the statute the discrimination which is forbidden is that which is undue or unreasonable. The qualifying words clearly imply that there may be discrimination which is neither undue or unreasonable. It should be observed, too, that the proviso of paragraph A of Section 9 of the act implies that reasonable "zone systems" of charges may be adopted. Special conditions may exist which so affect the subject as to permit discrimination which is both just and reasonable. This principle is recognized in the interstate commerce legislation on the same subject and is discussed at length in Interstate Commerce Commission v. Ala. Midland Ry., 168 U. S. 144. In ascertaining whether discrimination is undue or unreasonable it is, of course, necessary to take into consideration the conditions affecting the service as well as the charge therefor and such inquiry is one of fact to be ascertained from the evidence presented. The Public Service Commission heard evidence relating to the

respective locations of the stations which were the subjects of consideration and also with respect to rates of fare established for certain suburban stations in the vicinity of Pittsburgh to which reference was made in the complaint of the appellant. This evidence convinced the commission that there were special circumstances involved in each of the instances cited which justified a lower rate in those cases than should be allowed from Broad street station. The congestion of business at the latter station, the proximity of 40th street to the terminal, the lack of passengers to be taken up by the trains leaving Broad street station after reaching 40th street, the greater patronage of the particular Pittsburgh suburban trains between the outer stations as well as other considerations expressed in the report formed the basis on which the commission's decision was placed. With respect to 49th street station it was found that that station is not on the main line of the company and that special conditions affected the traffic to and from that station as compared with the business originating at 40th street. The reasons given are persuasive and we do not find in the testimony nor in the argument of the learned counsel for the appellant convincing reasons for holding that the order of the Public Service Commission is unlawful or unreasonable. The fact that passengers to 40th street receive tickets which are good to 52d street is not an act of discrimination against such passengers. It is to their advantage rather as they acquire the right to additional transportation for the same fare. As the burden of proof is placed by the statute on the appellant to show that the order should not be sustained because it is unlawful or unreasonable it follows that the appeal must be dismissed and the order of the commission approved, the costs to be paid by the appellant.